## AKERS v CENTRAL OUTDOOR ADVERTISING CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11665. Decided June 1, 1931

A. E. Emerson, Cleveland, for Akers.

Siegel & Siegel, Cleveland, for Central Outdoor Advertising Company.

HORNBECK, PJ and KUNKLE, J, (2nd Dist), and SHERICK, J (5th Dist), sitting.

BY THE COURT.

The lease provides that the landlord leases to the tenant the plot or premises described as follows:

"On 28th Street beginning end of store running 25 feet; on Grove Avenue beginning end of building running 30 feet."

The plat discloses that there is 25 feet of vacant lot on 28th Street extending from the end of the store to the lot line and also that there is 30 feet extending from the end of the building to the lot line on Grove Avenue. It thus becomes apparent that it was the intent and purpose of the parties that billboards if erected were to be put upon this 25 foot open space or the 30 foot unoccupied portion of the lot; nor does

the language that the defendant company agreed to paint the side wall of the building before the erection of the sign, overcome the obvious meaning of the written contract.

It is not at all probable that the defendant company would enter into an agreement with plaintiff by the terms of which a signboard could be erected that would cover an entrance way and show front on E. 28th Street or a window on Grove Avenue.

What possible purpose could be served by painting a wall over which immediately there would be placed a sign? The agreement to paint the wall, no doubt, was a further consideration for the premises leased.

The bill of exceptions is wholly inadequate to support the claim of defendant. There is nothing whatever to strengthen the statement of the witness, Singer, that the language at the end of the lease had any reference to the place where the bill board was to be erected.

We, therefore, are unanimously of opinion that as a matter of law there is no evidence from which legal inference could be drawn to support the claim of defendant that it is relieved from the payment of its obligation under the written lease.

The judgment of the trial court will be reversed and judgment entered for plaintiff in the sum prayed in her petition with interest and costs.

HORNBECK, PJ, KUNKLE and SHERICK, JJ, concur.